[Civ. No. 6237. Fourth Dist. Dec. 23, 1959.]

LEONA B. FERGUSON et al., Appellants, v. PHILIP MORRIS, INC. (a Corporation) et al., Respondents.

Hews, Hews & Brown for Appellants.

Swing & Swing for Respondents.

MONROE, J. pro tem.*—The plaintiffs bring action for damages for personal injuries of the plaintiff Leona B. Ferguson. It is alleged in substance that Mr. and Mrs. Ferguson were the proprietors of a store building and that the individually named defendants were the representatives of the defendant Philip Morris, Inc., which was engaged in the manufacture and distribution of cigarettes. Plaintiffs alleged that although they had permitted the installation of display advertisements in the interior of the store, they had specifically forbidden the defendant company and the individual defendants from attaching any advertisements of any character to the exterior of the building. Plaintiffs alleged that in March, 1956, during their absence, the defendants attached a sign advertising their product to the exterior of the building, and that such act was in violation of their orders and constituted a trespass. It is alleged that the appearance of the sign was such that it appeared to be made of paper or cardboard, but that in fact it was made of sheet metal and that the edges were sharp. When plaintiffs saw the sign attached to the building Mrs. Ferguson was annoyed and attempted to tear it down, with the result that she received cuts which severed tendons in her fingers and resulted in permanent disability to her hand. A demurrer to the complaint was sustained without leave to amend and judgment for defendant entered, and this appeal followed.

The position of the respondents is that the ruling of the trial court was correct because the injury received by plaintiff was not the direct result of the trespass committed but followed as the result of the voluntary act of the plaintiff herself in attempting to tear down the sign. Respondents urge that the damages which may be awarded for trespass are only those which are the direct and immediate result of the trespass itself. Respondents rely largely upon the decision of *Mawson* v. *Vess Beverage Co.* (Mo.App., 1943), 173 S.W.2d 606. In that action a similar state of facts was involved. An

---

*Assigned by Chairman of Judicial Council.

advertising sign was attached to a building without authority and the act constituted a trespass. A minor child sought to remove the sign from the building, resulting in injuries to the child. Many decisions are reviewed in that case and it was there held that the injuries for which damages were sought were not the immediate result of the trespass, and that no recovery could be had. The Mawson case would be persuasive were it not for the fact that the law has been established to the contrary in the state of California. (*Mosley* v. *Arden Farms Co.*, 26 Cal.2d 213 [157 P.2d 372, 158 A.L.R. 872].)

In the Mosley case the trespass consisted of piling a stack of wooden milk crates in a vacant property in the parking between the curb and the sidewalk. Some individual removed two of the crates from the pile and left them in the high grass where their presence was concealed, resulting in injuries to the plaintiff when his mowing machine collided with them. It was held that whether or not the resulting injuries were the proximate result of the original trespass was a matter of fact to be determined by court or jury, and not a matter of law. California opinions to the contrary were overruled and disapproved. The court held that it was for the trier of fact to determine whether the result complained of could reasonably have been foreseen.

The rule thus stated is applicable to the case at bar. It is alleged that the sign which was wrongfully attached to the building was of such character that it could be mistaken for paper or cardboard. Whether the party wrongfully attaching such sign could reasonably anticipate, or should have anticipated, that injury would probably result involved a question of fact to be determined upon a trial of the case. That determination will involve the entire surrounding circumstances, including the exact location and exact description of the sign, and a determination of the issue whether it was of such appearance that there was a probability that some injury would result by reason of its presence. The court, therefore, erred in sustaining the demurrer without leave to amend.

Judgment reversed.

Griffin, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied January 12, 1960.